JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAPATA,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>　　　　　Appellees. | Case No. CV 15-4028-DMG<br>Bankruptcy Case No. 9:10-bk-14200 PC<br><br>**ORDER RE: BANKRUPTCY APPEAL [1, 2]** |

## I.
## BACKGROUND

On August 13, 2010, Debtors Juan Carlos Zapata and Patricia Ultreras filed a chapter 13 petition in United States Bankruptcy Court in Santa Barbara, California. *In re Juan Carlos Zapata and Patricia Ultreras*, No. BK 10-14200-PC (Bankr. C.D. Cal. Aug. 13, 2010) ("bankruptcy proceeding"). On October 19, 2010, the Bankruptcy Court dismissed the bankruptcy proceeding due to Zapata and Ultreras' failure to attend the section 341(a) meeting of creditors and for their failure to make certain required pre-confirmation payments. *Id.* The bankruptcy action was closed on December 8, 2010. *Id.*

On January 30, 2015, Appellant Zapata commenced an adversary proceeding against Nationstar Mortgage, LLC ("Nationstar"), in part to determine the validity or extent of Nationstar's claim against his real property located in Oxnard, California.

*Zapata v. Nationstar Mortgage, LLC*, No. AP 15-01015-PC (Bankr. C.D. Cal. Jan. 30, 2015) ("adversary proceeding"). Ultreras, Zapata's wife, declined to participate in the adversary proceeding. *Id*. On February 27, 2015, Zapata filed a First Amended Complaint ("FAC"), joining creditors Bank of New York Mellon and Veriprise Processing Solutions LLC as defendants. *Id*. [Doc. # 5.] Zapata claims that Defendants took actions that "amount to aggressive claims against [his] property without first proving those claims adequately under California or federal law." FAC at 3. According to Zapata, Nationstar in particular "failed to exhibit [his] Note or provide reasonable evidence of its authority to enforce it."[1] *Id.*

On March 2, 2015, the Bankruptcy Court issued an order describing the Rule 26(f) meeting, initial disclosures, and the Rule 16(b) scheduling conference, among other matters in the case. *Id*. [Doc. # 7 ("March 2, 2015 Amended Order").] In a separate order issued that same day, the Bankruptcy Court scheduled a status conference to be held on May 7, 2015 in Santa Barbara. *Id.* [Doc. # 6 ("March 2, 2015 Notice of Status Conference Order").] The order required all parties to appear at the status conference and to file a joint status report. The Bankruptcy Court warned: "The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference." *Id*. The Bankruptcy Court gave Defendants an April 1, 2015 deadline to respond to the FAC: "If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint." *Id.*

No Defendant has filed an answer. On May 5, 2015, having not heard from Defendants, Zapata unilaterally filed a status report. *Id.* [Doc. # 11.]

On May 7, 2015, the Bankruptcy Court held a status conference. *Id.* [Doc. # 12.]

---

[1] Zapata is a *pro se* appellant in this matter. He does not clarify what "Note" means. But given the context, involving his real property, Nationstar as loan servicer, and the filing of a Notice of Default, the Court will presume that Zapata refers to the promissory note that accompanied his loan agreement documents . *See* FAC at 3.

1  Neither Zapata nor Defendants appeared.  The Bankruptcy Court subsequently dismissed
2  Zapata's adversary proceeding:

> Plaintiff, having failed to appear at the status conference in violation of [Local Bankruptcy Rule] 7016-1(a)(1), and based upon findings of fact and conclusions of law stated orally and recorded in open court pursuant to F.R.Civ.P. 52(a), as incorporated into [Federal Rule of Bankruptcy Procedure] 7052 and applied to contested matters by FRBP 9014(c), it is ORDERED that this adversary proceeding is dismissed.

*Id.* [Doc. # 12 ("May 7, 2015 Dismissal Order").]

On May 12, 2015, Zapata filed a Motion for Relief from the Bankruptcy Court's May 7, 2015 Dismissal Order pursuant to Federal Rule of Bankruptcy Procedure 9024. *Id.* [Doc. # 14 ("Motion for Relief").]  According to Zapata, he misinterpreted the Bankruptcy Court's March 2, 2015 Amended Order as allowing for the submission of a status report *in lieu of* attending the status conference.  *Id*. at 2 (citing language from March 2, 2015 Amended Order stating "[t]he failure of either party to cooperate in the preparation and filing of a Joint Status Report or to appear at a status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g)").  In his Motion for Relief, Zapata points out that the Bankruptcy Court's May 7, 2015 Dismissal Order incorrectly stated that it held a status conference on "the above captioned date and time," which is identified as "May 6, 2015."  *Id.* at 1-2.

Likely in response to Zapata's pointing out this error, the Bankruptcy Court on May 18, 2015 issued a Corrected Order of Dismissal.  *Id.*  [Doc. # 15 ("May 18, 2015 Corrected Dismissal Order").]  This order matches the language of the May 7, 2015 Dismissal Order, but corrects the status conference date from "May 6, 2015" to "May 7, 2015."  *Id.*

Additionally, on May 18, 2015, the Bankruptcy Court also issued a one-sentence order denying Zapata's motion for relief:  "Having considered Plaintiff's Motion for Relief from Order – Rule 9024 ("Motion") filed on May 12, 2015, in which Plaintiff

seeks *ex parte* relief from this court's order dismissing the above referenced adversary proceeding, it is ORDERED that Plaintiff's Motion is denied." *Id.* [Doc. # 16 ("May 18, 2015 Denial Order").]

On May 28, 2015, Zapata filed a Notice Regarding Appeal with this Court, seeking to appeal the Bankruptcy Court's May 18, 2015 Denial Order. [Doc. ## 1, 2.]

Because the Bankruptcy Court did not specify its findings of fact and conclusions of law in the May 18, 2015 Corrected Dismissal Order or its May 18, 2015 Denial Order, this Court issued an Order to Show Cause why the case should not be dismissed for failure to file a notice of lodging of the May 7, 2015 status conference transcript—where the Bankruptcy Court stated orally its reasons for dismissal—as required by Federal Rule of Bankruptcy Procedure 8009(b)(5). [Doc. # 19.]

On July 20, 2016, Zapata provided the Court with the transcript from the May 7, 2015 Bankruptcy Court status conference. [Doc. # 20 ("May 7, 2015 Hearing Transcript").] The May 7, 2015 Hearing Transcript reveals that the Bankruptcy Court dismissed the adversary proceeding on two grounds:

> No appearance. Court will dismiss the adversary proceeding for the failure of the plaintiff to appear at the status conference. But also, the Court in reviewing the file notes that the main case, case number 10-14200, was dismissed quite some time ago and Mr. Zapata, the debtor in the case, filed a notice of appeal to the Bankruptcy Appellate Panel, which was affirmed, and that appeal was pending before the Ninth Circuit. This court only has ancillary jurisdiction in a dismissed case. Filing of an adversary complaint against three non-debtor parties is outside the ancillary jurisdiction of the Court, so the Court also dismisses for want of jurisdiction.

May 7, 2015 Hearing Transcript at 3.

Having reviewed the Bankruptcy Court's reasons for dismissing Zapata's Motion for Relief, the decision of the Bankruptcy Court is **REVERSED**.

//

-4-

## II.
## STANDARD OF REVIEW

Pursuant to 28 U.S.C. section 158(a), federal district courts have jurisdiction to review appeals from Bankruptcy Court judgments and final orders. Zapata bases his request for relief on Bankruptcy Rule 9024, which applies Federal Rule of Civil Procedure 60 to bankruptcy proceedings. *See* Fed. R. Bankr. P. 9024; *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.),* 503 F.3d 933, 940 (9th Cir. 2007). Rule 60(b) governs the reconsideration of final orders. Fed. R. Civ. P. 60.

A Bankruptcy Court's denial of a motion for reconsideration under Rule 60(b) is reviewed for abuse of discretion. *In re Int'l Fibercom, Inc.*, 503 F.3d at 939; *In re Kwang-wei Han*, No. CV 07-00189-DDP, 2009 WL 3165065, at *2 (C.D. Cal. Sept. 29, 2009) (applying abuse of discretion standard to review of motion for reconsideration under Bankruptcy Rule 9024). "A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its fact findings are illogical, implausible or not supported by evidence in the record." *In re City of Stockton, California*, 542 B.R. 261, 272 (B.A.P. 9th Cir. 2015).

## III.
## DISCUSSION

Because the Bankruptcy Court failed to put forth its reasoning in its May 18, 2015 Denial Order regarding Zapata's Motion for Relief under Bankruptcy Rule 9024, this Court presumes that the Bankruptcy Court relied upon its oral findings of fact and conclusions of law stated at the May 7, 2015 status conference and referenced in the May 18, 2015 Corrected Dismissal Order.

Accordingly, to determine whether the Bankruptcy Court abused its discretion in its May 18, 2015 Denial Order, the Court must first review the May 18, 2015 Corrected Dismissal Order and the May 7, 2015 Hearing Transcript.

//

**A.     Corrected Dismissal Order**

The Bankruptcy Court based its order of dismissal on two grounds: (1) Zapata's failure to appear at the status conference, and (2) the Bankruptcy Court's lack of "ancillary jurisdiction" to adjudicate the adversary proceeding.

**1.     Failure to Appear at Status Conference**

Under Federal Rule of Bankruptcy Procedure 7041, Rule 41 of the Federal Rules of Civil Procedure applies to adversary proceedings. According to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, like the trial court, "the bankruptcy court, has the inherent power to dismiss for failure to comply with a rule or order of the court." *In re Sharma*, 2007 WL 7540967, at *5 (B.A.P. 9th Cir. Apr. 2, 2007), *aff'd*, 301 F. App'x 718 (9th Cir. 2008) ("bankruptcy court did not abuse its discretion by dismissing the action, with prejudice, after giving [*pro se* appellant] multiple warnings and considering the factors set forth in *Malone* [*see infra*]").[2] Under Ninth Circuit law, however, "involuntary dismissal sua sponte requires that there has been notice giving a warning that dismissal is imminent." *Id.* (citing *Oliva v. Sullivan,* 958 F.2d 272, 274 (9th Cir. 1992)).

Specifically, a Bankruptcy Court must consider the following factors before it can dismiss a case for failure to comply with a court order:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

---

[2] Moreover, under Local Bankruptcy Rule 7016-1(g):

> The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference . . . may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

> public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987).

A court is also required to weigh less drastic measures when dismissing a case under Rule 41(b) and should consider the following factors:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate?  (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal?  (3) Did the court warn plaintiff of the possibility of dismissal before actually ordering dismissal?

*Id.* at 131-32.  In particular, the "[f]ailure to warn has frequently been a contributing factor in [the Ninth Circuit's] decisions to reverse orders of dismissal."  *Id.* at 133.

Here, there is no indication that the Bankruptcy Court considered the *Malone* factors prior to dismissing Zapata's adversary proceeding for failure to appear at the May 7, 2015 status conference.  Furthermore, notwithstanding the March 2, 2015 Notice of Status Conference Order warning that "the court may also fine you or impose other sanctions if you fail to appear at a status conference," the Bankruptcy Court failed to provide Zapata with a sufficient warning of impending dismissal and did not consider less drastic alternatives.  *Cf. In re Sharma*, 2007 WL 7540967, at *6 (affirming dismissal of adversary proceeding where the bankruptcy court had "repeatedly voiced its displeasure with [the] conduct [of the party who initiated the action] and warned . . . that failure to comply with the Local Rules would result in sanctions, including a warning . . . that she had one last chance to comply with the Local Rules or risk dismissal"); *Malone*, 833 F.2d at 132-33 (finding no need to discuss feasible alternatives to dismissal because of the "egregious circumstances" in which plaintiff "purposefully and defiantly violated a court order").

Accordingly, the Court finds that the Bankruptcy Court abused its discretion in dismissing Zapata's case due to his failure to appear at the status conference without considering the *Malone* factors.

### 2. Bankruptcy Court's Jurisdiction

The Court reviews a "bankruptcy court's decision not to exercise jurisdiction over an adversary proceeding following the dismissal of the underlying bankruptcy case for an abuse of discretion." *Davis v. C.G. Courington (In re Davis)*, 177 B.R. 907, 910 (B.A.P. 9th Cir. 1995). The Ninth Circuit has held that "bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). In such circumstances, the Bankruptcy Court should consider judicial economy, convenience, fairness, and comity in deciding whether or not to retain jurisdiction. *In re Davis,* 177 B.R. at 913 (citing *In re Carraher,* 971 F.2d at 328). The court's weighing of these factors is discretionary. *In re Carraher*, 971 F.2d at 328.

Here, there is no evidence in the record that the Bankruptcy Court considered economy, convenience, fairness, and comity in dismissing the adversary proceeding. Based on its examination of the written orders and the May 7, 2015 Hearing Transcript, the Court cannot conclude that the Bankruptcy Court "necessarily would have dismissed the action if [it] had considered the appropriate factors." *See In re Davis*, 177 B.R. at 913. While there are factors that may support dismissal—the Bankruptcy Court, for instance, did recognize that the underlying bankruptcy proceeding had been dismissed "some time ago" before Zapata filed the adversary proceeding—there appear to be other factors that weigh against dismissal. For example, Zapata has a claim for relief that requests that the court determine the validity, extent, and priority of Defendants' claim or lien upon his real property. FAC at 2, 4-5. Contrary to the Bankruptcy Court's statement that the adversary complaint is outside its "ancillary jurisdiction," this claim by Zapata appears to be a "core" proceeding, enumerated in 28 U.S.C. section 157(b)(2), over

which the Bankruptcy Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens").

Accordingly, the Court finds that the Bankruptcy Court abused its discretion when it failed to consider the appropriate factors in dismissing Zapata's adversary proceeding for lack of ancillary jurisdiction in its May 18, 2015 Corrected Dismissal Order.

### B. Order Denying Zapata's Motion for Relief

The Bankruptcy Court's May 18, 2015 Denial Order relies upon the reasoning from its May 18, 2015 Corrected Dismissal Order. Thus, for the reasons discussed above, the Court **REVERSES** the May 18, 2015 Denial Order and the Corrected Dismissal Order.

### IV.
### CONCLUSION

In light of the foregoing, the Bankruptcy Court's May 18, 2015 Denial Order and Corrected Dismissal Order are **REVERSED** and **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED: September 14, 2016

                                          DOLLY M. GEE
                                UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court