UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-4028-DMG<br>9:10-bk-14200-PC<br>9:15-ap-01015-PC | Date | January 13, 2017 |
|---|---|---|---|

| Title | *In re Juan Carlos Zapata and Patricia Ultreras* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER RE APPELLANT'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE [23]**

Appellant Juan Carlos Zapata filed an adversary proceeding against Defendants Nationstar Mortgage, LLC, Bank of New York Mellon, and Veriprise Processing Solutions LLC in United States Bankruptcy Court in this district. Zapata now moves to withdraw the bankruptcy reference and have the adversary proceeding heard in this Court. ("Mot.") [Doc. # 23.]

Under 28 U.S.C. section 157(d), a district court may withdraw an adversary proceeding from the Bankruptcy Court "for cause shown." "The burden of persuasion is on the party seeking withdrawal." *FTC v. First Alliance Mortgage Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001). In his motion, Zapata seeks a "permissive withdrawal"—as opposed to mandatory withdrawal—of reference. Mot. at 2.

"To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214-215 (C.D. Cal. 2014) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)) . The court should then consider the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir.1997) (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101).

Here, Zapata contends that the Bankruptcy Court "cannot be trusted" to "secure the just, speedy, and inexpensive determination" of his case. Mot. at 4. While Zapata acknowledges he bears the burden of persuasion in his withdrawal motion, he makes no attempt to discuss the core

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-4028-DMG<br>9:10-bk-14200-PC<br>9:15-ap-01015-PC | Date | January 13, 2017 |
|---|---|---|---|
| Title | *In re Juan Carlos Zapata and Patricia Ultreras* | Page | 2 of 2 |

or non-core claims at issue.[1]  *See In re Orion Pictures Corp.*, 4 F.3d at 1101 ("A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn."); *In re Daewoo Motor Am.*, 302 B.R. 308, 311 (C.D. Cal. 2003) (stating it is "helpful to make the core/non-core determination before considering the other factors").  He also does not present any evidence or argument, beyond conclusory assertions, related to factors such as the efficiency of judicial resources, prevention of forum shopping, and uniformity of bankruptcy administration.

Because Zapata has not satisfied his burden of persuasion that the adversary proceeding should be withdrawn from Bankruptcy Court, the Court declines to permissively withdraw the bankruptcy reference.[2]

In light of the foregoing, the Court **DENIES** Zapata's motion to withdraw the bankruptcy reference.

**IT IS SO ORDERED.**

cc: Bankruptcy Court

---

[1] Zapata's adversary complaint appears to be a "core" proceeding over which the Bankruptcy Court has jurisdiction.  *See* September 14, 2016 Order at 8-9 [Doc. # 21]; *cf. Sec. Farms*, 124 F.3d at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate.").

[2] To the extent Zapata's motion seeks a mandatory withdrawal, it also fails.  A withdrawal is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d); *Sec. Farms*, 124 F.3d at 1008.  Mandatory withdrawal turns on whether the case involves substantial and material questions of non-bankruptcy federal law.  *Sec. Farms*, 124 F.3d at 1008 n.4.  Zapata presents no evidence or argument concerning this issue.